**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**

Semino, Veronica
Semino Law, P.A.
P.O. Box 944
Fulshear, TX 77441

DHS/ICE Office of Chief Counsel - ELP
11541 MONTANA AVE, SUITE O
El Paso, TX 79936

Name:
ORTEGA-LAZCANO, ILEANA [redacted]

Riders:
[redacted] - HERRERA-ORTEGA, DIAYAN
- HERRERA-MARTINEZ, IVAN

Date of Notice: 10/01/2024

**FILING RECEIPT FOR APPEAL OR MOTION**

The Board of Immigration Appeals (Board or BIA) acknowledges receipt of the appeal or motion and fee or fee waiver request (where applicable) on 09/30/2024 , in the above-referenced case, filed by the Respondent

Additional Comments
N/A

**PLEASE NOTE:**

NOTICE TO PARTIES – DHS/ICE prosecutorial discretion: The Board is aware that DHS has issued memoranda regarding its enforcement priorities and framework to exercise prosecutorial discretion (memoranda are available on U.S. Immigration and Customs Enforcement (ICE) website at www.ice.gov). See EOIR PM 21-25, Effect of Department of Homeland Security Enforcement Priorities, available at www.justice.gov/eoir. The parties may wish to assess whether this matter remains an enforcement priority and whether the exercise of prosecutorial

discretion is warranted. However, as there are prohibitions on DHS's authority to exercise its prosecutorial discretion (e.g., individuals subject to mandatory detention pursuant to sections 236(c) and 241 of the Immigration and Nationality Act, 8 U.S.C. 1226(c) and 1231), all inquiries regarding an individual respondent/applicant's eligibility for prosecutorial discretion must be made directly with DHS/ICE. If the parties jointly agree to the exercise of prosecutorial discretion, or if ICE otherwise intends to exercise some form of prosecutorial discretion, a motion should be filed with the Board to this effect, and it should clearly contain the caption "EXERCISE OF PROSECUTORIAL DISCRETION" on the front of the motion.

**WARNING FOR APPEALS:**

**Departure.** If you leave the United States after filing this appeal but before the Board issues a decision, your appeal may be considered withdrawn and the Immigration Judge's decision will become final as if no appeal had been taken (unless you are an "arriving alien" as defined in the regulations under 8 C.F.R. § 1001.1(q)).

**Proof of posting voluntary departure bond.** If you have been granted voluntary departure by the Immigration Judge, you must submit proof of having posted the voluntary departure bond set by the Immigration Judge to the Board. Your submission of proof must be provided to the Board within 30 days of filing this appeal. If you do not timely submit proof to the Board that the voluntary departure bond has been posted, the Board cannot reinstate the period of voluntary departure. 8 C.F.R. § 1240.2(c)(3)(ii).

**Autostay Bond Appeals.** Please note that the automatic stay will expire 90 days from the date of receipt of the DHS' appeal. 8 C.F.R. § 1003.6(c)(3). If the Board grants the respondent's request for additional briefing time, then the 90-day automatic stay period will be tolled for the same number of days. 8 C.F.R. § 1003.6(c)(4).

**Form EOIR-27.** If the appeal was filed by DHS and the respondent/applicant wishes to be represented by an attorney or accredited representative in these new proceedings, counsel must complete a new Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals). Unless a Form EOIR-27 is received from counsel, the respondent/applicant will be considered pro se before the Board and all future notices, including the Board's decision, will be sent directly to the respondent/applicant and not to counsel.

**WARNING FOR MOTIONS:**

**Stay of removal.** Filing a motion with the Board does not automatically stop the DHS from executing an order of removal. If the respondent/applicant is in DHS detention and is about to be removed, you may request the Board to stay the removal on an emergency basis. For more information, call the Clerk's Office at (703) 605-1007.

**Form EOIR-27.** If the motion was filed by DHS and the respondent/applicant wishes to be represented by an attorney or accredited representative in these new proceedings, counsel must complete a new Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals). Unless a Form EOIR-27 is received from counsel, the alien will be considered pro se before the Board and all future notices, including the Board's decision, will be sent directly to the respondent/applicant and not to counsel.

**FILING INSTRUCTIONS:**

If you have any questions about how to file something at the Board, please review the Board's Practice Manual which is available on EOIR's website at www.justice.gov/eoir.

Accepted by: TruongC

CC